**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 26 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALISON GARY, | No. 19-35439 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-01414-HZ |
| v. | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Argued and Submitted June 2, 2020
Portland, Oregon

Before: BERZON, COLLINS, and VANDYKE, Circuit Judges.

Alison Gary (Gary) appeals the district court's summary judgment in favor of

Unum Life Insurance Company of America (Unum), upholding Unum's denial of

her claim for long-term disability benefits based on her Ehlers-Danlos Syndrome

(EDS) and related conditions. Because the parties are familiar with the facts, we

only recite them here when necessary. We have jurisdiction under 28 U.S.C. § 1291,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and we reverse and remand with instructions.

"We review de novo a district court's choice and application of the standard of review to decisions by fiduciaries in ERISA cases." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 962 (9th Cir. 2006) (en banc). Where a plan confers discretionary authority to the administrator to determine eligibility for benefits, the court reviews its decision to deny benefits for abuse of discretion. *Id*. at 963. At summary judgment, a court applies the plan-administrator-favoring abuse of discretion standard in considering the merits of the claim, but applies "the traditional rules of summary judgment … viewing the evidence in the light most favorable to the non-moving party" in considering a plan administrator's conflict of interest. *Stephan v. Unum Life Ins. Co.*, 697 F.3d 917, 930 (9th Cir. 2012) (quoting *Nolan v. Heald Coll.*, 551 F.3d 1148, 1154 (9th Cir. 2009)).

Here, neither party disputes Unum's discretionary authority under the Plan or the district court's choice to apply an abuse of discretion standard of review, but they disagree as to the appropriate level of skepticism to apply to such a review. When it considered various factors concerning evidence of Unum's conflict of interest, the district court stated in a conclusory fashion that such factors did not weigh in favor of a heightened level of scrutiny. The court identified two factors—Unum's "structural conflict and its procedural violation of Plaintiff's right to a full and fair review"—as warranting only "moderate scrutiny." Beyond that, the court deferred

evaluating the "specifics" of the remaining conflict arguments until it evaluated the merits of Gary's claims. Further, "there is no indication that the district court viewed the evidence … in the light most favorable to [Gary]." *Stephan*, 697 F.3d at 930. By expressly merging the conflict of interest evidence and merits claims, and by failing to view the evidence in a light most favorable to Gary, the district court erred.

When viewed in a light most favorable to Gary, the conflict evidence supports a higher degree of skepticism than the moderate degree applied by the district court. A plan administrator like Unum, responsible for both assessing and paying out claims, is subject to a structural conflict of interest, so the court must "adjust the level of skepticism with which it reviews a potentially biased plan administrator's explanation for its decision in accordance with the facts and circumstances of the case." *Montour v. Hartford Life & Accident Ins. Co.*, 588 F.3d 623, 631 (9th Cir. 2009). "If those facts and circumstances indicate the conflict may have tainted the entire administrative decisionmaking process, the court should review the administrator's stated bases for its decision with enhanced skepticism: this is functionally equivalent to assigning greater weight to the conflict of interest as a factor in the overall analysis of whether an abuse of discretion occurred." *Id*. We have recognized that evidence showing "inconsistent reasons for denial," "self-dealing," "fail[ure] to credit a claimant's reliable evidence," and "fail[ing] adequately to investigate a claim" heighten the level of skepticism with which a

3

court should review a conflicted administrator's denial of benefits. *Abatie*, 458 F.3d at 968–69.

Here, the district court initially considered a number of factors in determining the appropriate level of skepticism to apply to its abuse-of-discretion review, but ultimately concluded that only Unum's structural conflict and procedural violation of Gary's right to a full and fair review warranted "moderate scrutiny." But viewing the evidence in a light most favorable to Gary, the factors should have resulted in more heightened skepticism. In particular, Unum's consultants cherry-picked certain observations from medical records numerous times. Unum also only hired consultants specializing in orthopedic surgery, family medicine, and psychology to assess Gary's claim—*not* an EDS specialist. Because of the uniqueness of EDS, Unum's choice not to conduct its own in-person examination of Gary could also support a higher level of skepticism; we have noted that a failure to obtain an in-person examination may be considered in the skepticism analysis. *See Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 676 (9th Cir. 2011) ("An insurance company may choose to avoid an independent medical examination because of the risk that the physicians it employs may conclude that the claimant is entitled to benefits."). Further, Unum's initial decision to deny Gary's claim outright on the basis that she was not disabled through the entire 180-day elimination period, followed by its reversal in part of its own decision by deciding that she was disabled

from November 27, 2013 through April 6, 2015, the date that is exactly six months after Gary's surgery, and paying the benefits only for that period, provides further justification for heightened skepticism. *See generally Abatie*, 458 F.3d at 968. Construing these factors and the other evidence in a light most favorable to Gary, the district court should have applied a more heightened degree of skepticism than it did.

Because the district court applied the incorrect level of skepticism to its abuse-of-discretion review, we reverse the district court's grant of summary judgment to Unum. On remand, the district court should apply the appropriate, heightened level of skepticism in determining whether Unum abused its discretion. *See Stephan*, 697 F.3d at 939.

**REVERSED** and **REMANDED**.